| | | |
|---|---|---|
| Frank Williams | ) | Case No. 10-21522 |
| | ) | |
| Debtor(s) | ) | Judge Jack B. Schmetterer |
| | ) | |
| | ) | CHAPTER 13 |
| | ) | |
| Frank Williams, | ) | |
| Plaintiff | ) | |
| | ) | Adv. Pro. No. 10-01205 |
| v. | ) | |
| | ) | |
| Beneficial Illinois, Inc   Defendant | ) | |

## FINDINGS OF FACT

### A. The Parties

1. The Plaintiff is Frank Williams

2. The Defendant is Beneficial Illinois, Inc.

### B. Factual Background

1. On or about May 11, 2010 Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Plaintiffs own the real estate commonly known as 3526 Laurel Lane, Hazel Crest, IL 60429.

3. That Beneficial Illinois, Inc holds a first mortgage lien on the real property commonly known as 3526 Laurel Lane, Hazel Crest, IL 60429, with a secured claim of $155,149.03 pursuant to the May 19, 2010 mortgage statement.

4. The Defendant holds a second mortgage lien on the real property known as 3526 Laurel Lane, Hazel Crest, IL 60429 in the approximate amount of $15,161.25 pursuant to proof of claim #11-1 filed on August 6, 2010 by Defendant.

5. That the Plaintiffs obtained an valuation of the property on April 12, 2010 indicating the value of 3526 Laurel Lane, Hazel Crest, IL 60429 as $101,403.

6. The first mortgage lien of Beneficial Illinois, Inc is a secured claim based on the mortgage recorded on July 5, 2006 as document number 0618621113 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of the Defendant is a claim based on the mortgage recorded December 21, 2006 as document number 0635521004 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 plan provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $1,170 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of one percent (1%) of their allowed claims.

10. On May 28, 2010 Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and the Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 3526 Laurel Lane, Hazel Crest, IL 60429.

11. That on May 28, 2010, a copy of the summons and complaint was served in accordance with the Federal Rules of the Bankruptcy Procedure by regular U.S. mail, postage prepaid upon Beneficial Illinois, Inc. c/o its' registered agent C T Corporation System, 208 S. LaSalle St, Ste 814, Chicago, IL 60604.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that hold priority that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $101,403.

15. The first secured claim of Beneficial Illinois, Inc in the amount of $155,149.03 exhausts the value and equity in Plaintiffs' residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

A. **Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to U.S.C. § 1409.

**B. Argument**

1. This action was initiated under 11 U.S.C. § 506(a) and F.R. Bankr. P. 3012.

2. The Debtor scheduled the first secured claim of Beneficial Illinois, Inc in the amount of $174,831 and the second secured claim of the Defendant in the amount of $15,161.

3. Beneficial Illinois, Inc filed a proof of claim on June 15, 2010 for the amount of $188,523.29. Said claim is secured by a first mortgage on the Plaintiffs' property 3526 Laurel Lane, Hazel Crest, IL 60429.

4. The Defendant filed a proof of claims on August 6, 2010 for the amount of $15,161.25. Said claim is second in priority to the first mortgage lien.

5. That the value of Plaintiffs' property is $101,403.

6. As there is no value or equity to support the second priority lien of the Defendant its claim is not a claim secured at all by a security interest in the Debtors' residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F.R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtors, and entry of the discharge. *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankkr.N.D.Ill. January 29, 2010).

Dated; 8/20/10

Ledford & Wu
200 S. Michigan, Ste 209
Chicago, IL 60657
(312)294-4400
(3120294-4410 fax

Enter:

_____
United States Bankruptcy Judge

AUG 20 2010